UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Debbie J. Griefenhagen,                          Civil File No. 12-CV-1182 DSD/SER

                    Plaintiff,

v.

Sergeant Mike Duzan, individually and in his
official capacity; Chief of Police Scott
M. Knight, individually, and in his official
capacity; and City of Chaska,

                    Defendants.

_____

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO
EXCLUDE POST-INCIDENT INJURY CAUSATION TESTIMONY**
_____

Plaintiff did not disclose experts or expert testimony, but Defendants anticipate

Plaintiff will seek to introduce testimony from treating physicians or nurses regarding

Plaintiff's alleged injuries. *Affidavit of Stephanie Angolkar, Exhibit 1: Plaintiff's*

*Answers to Interrogatories No. 2 and 13.* Any treating nurse or physician's testimony

regarding causation or permanency regarding Griefenhagen's claimed injuries must be

excluded because Griefenhagen did not disclose expert testimony. Fed. R. Civ. P.

37(c)(1); *see Sylla-Sawden v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir.

1995) (discussing court discretion to exclude exhibits and witnesses not disclosed);

*Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 897-98 (8th Cir. 1978)

(stating "[t]he power of the trial court to exclude exhibits and witnesses not disclosed in

compliance with its discovery and pretrial orders" is essential to judicial management of the case).

When a party discloses the identity of an expert witness who will provide expert testimony in the case, the disclosure must be accompanied by a written report.  Fed. R. Civ. P. 26(a)(2)(B).  The report must include:

| | |
|---|---|
| (i) | a complete statement of all opinions the witness will express and the basis and reasons for them; |
| (ii) | the facts or data considered by the witness in forming them; |
| (iii) | any exhibits that will be used to summarize or support them; |
| (iv) | the witness's qualifications, including a list of all publications authored in the previous 10 years; |
| (v) | a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and |
| (vi) | a statement of the compensation to be paid for the study and testimony in the case. |

Fed. R. Civ. P. 26(a)(2)(B).

The court issued a Scheduling Order on this matter on August 24, 2012.  *Doc. 7.* The Order required "[d]isclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness" from Plaintiff by November 16, 2012.  *Id.*  Plaintiff did not submit any expert report or comply with the full disclosure requirements of Rule 26(a)(2)(B).  *Aff. Angolkar, ¶ 3.*  There is nothing in her medical records regarding an objective determination of causation or permanency.  Rather, her records list her subjective complaints.  Accordingly, Plaintiff cannot offer expert opinions through her treating physicians or nurses regarding causation or permanency of her claimed injuries.

IVERSON REUVERS CONDON

Dated: January 21, 2014                    By s/ Stephanie A. Angolkar
                                               Stephanie A. Angolkar, #388336
                                           Attorneys for Defendants
                                           9321 Ensign Avenue South
                                           Bloomington, MN  55438
                                           Telephone: (952) 548-7200
                                           stephanie@irc-law.com

3