UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Debbie J. Griefenhagen,                    Civil File No. 12-CV-1182 DSD/SER

               Plaintiff,

v.

Sergeant Mike Duzan, individually and in his
official capacity; Chief of Police Scott
M. Knight, individually, and in his official
capacity; and City of Chaska,

               Defendants.

---

## JOINT PROPOSED JURY INSTRUCTIONS

---

The parties submit the attached proposed jury instructions.  Any instructions the parties
do not agree on are set forth with Plaintiff's proposals in italics and Defendants'
proposals in bold.

IVERSON REUVERS CONDON

Dated:  January 21, 2014          By___ s/Stephanie A. Angolkar___
                                      Stephanie A. Angolkar, #388336
                                   Attorneys for Defendants
                                   9321 Ensign Avenue South
                                   Bloomington, MN  55438
                                   Telephone: (952) 548-7200
                                   Fax: (952) 548-7210
                                   stephanie@irc-law.com

Dated: January 21, 2014           UDOIBOK, TUPA & HUSSEY, PLLP

                                  By___ s/Kenneth U. Udoibok___
                                  Kenneth U. Udoibok
                                  Attorney for Plaintiff
                                  400 East Fourth Street, #310M
                                  Minneapolis, MN 55415
                                  (612) 808-6030

**INSTRUCTION # 1**

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors.  At the end of the trial I will give you more instructions.  I may also give you instructions during the trial.  All instructions–those I give you now and those I give you later, whether they are in writing or given to you orally–are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks.  However, you are not allowed to have those devices in the jury room during your deliberations.  You may give them to the bailiff for safekeeping just before you start to deliberate.  They will be returned to you when your deliberations are complete.

This is a civil case brought by the Plaintiff Debbie Griefenhagen against Sergeant Mike Duzan.  Debbie Griefenhagen alleges Mike Duzan used excessive force against her resulting in injury.  Mike Duzan denies this allegation.  It will be your duty to decide from the evidence whether Debbie Griefenhagen is entitled to a verdict against Mike Duzan.

Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions.  That is how you will reach your verdict.  Only you

will decide what the facts are.  However, you must follow my instructions, whether you agree with them or not.  You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you.  The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**8th Cir. Civil Jury Instr. § 1.03 (2013)**

**INSTRUCTION # 2**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things received as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence.  I will tell you now what is not evidence:

1.    Lawyers' statements, arguments, questions and comments are not evidence.

2.    Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.    Objections are not evidence.  Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.  If I sustain a lawyer's objection to a question or exhibit, that means the law does not allow you to consider that information.  When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.    Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.    Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose.  If that happens, I will tell you what purposes you can consider the evidence for and what you are not allowed to consider it for.  You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**8th Cir. Civil Jury Instr. § 1.04 (2013)**

### INSTRUCTION # 3

During the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk to the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number of these conferences and to keep them as short as possible.

**8th Cir. Civil Jury Instr. § 1.05 (2013)**

## <u>INSTRUCTION # 4</u>

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence.  And do not let notes distract you from paying close attention to the evidence as it is presented.  The Clerk will provide each of you with a pad of paper and a pen or pencil.  At each recess, leave them in the courtroom.

When you leave at night, your notes will be locked up and will not be read by anyone.

**8th Cir. Civil Jury Instr. § 1.06 (2013)**

**INSTRUCTION # 5**

Jurors, to make sure this trial is fair to both parties you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone tries to talk to you about the case during the trial, please report it to the bailiff or other court personnel.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case–not even to pass the time of day.  It is important not only that you do justice in this case, but also that you act accordingly.  If a person from one side of the lawsuit sees you talking to a person from the other side–even if it is just about the weather–that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude.  They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court, and you can warn

8

them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you.  But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, charges, evidence, or anything else related to this case.  You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.  If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions.  That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.  During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device.  Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter.  In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research – on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.  Also, do not look up any information about this

case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the court.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it.  Do not listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV, radio or Internet newscasts at all.  I do not know whether there will be news reports of this case, but if there are, you might accidentally find yourself reading or listening to something about the case.  If you want, you can have someone clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court.  If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination.  All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process.  If you decide a case based on information not admitted in court, you will deny the parties a fair trial.  You will deny them justice.  Remember, you have taken an oath to follow the rules, and you must

do so.  If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you and your fellow jurors have discussed all the evidence.

**8th Cir. Civil Jury Instr. § 1.08 (2013)**

## **INSTRUCTION # 6**

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement.  Next, the defendants'
lawyer may make an opening statement.  An opening statement is not evidence, but it is a
summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence.  The defendants'
lawyer will have a chance to cross-examine the plaintiff's witnesses.  After the plaintiff
has finished presenting her case, the defendants may present evidence, and the plaintiff's
lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will
make closing arguments that summarize and interpret the evidence.  Just as with opening
statements, closing arguments are not evidence.  After the closing arguments, I will
instruct you further on the law, and you will go to the jury room to deliberate and decide
on your verdict.

**8th Cir. Civil Jury Instr. § 1.09 (2013)**

## <u>INSTRUCTION # 7</u>

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide the case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**8th Cir. Civil Jury Instr. § 2.01 (2013)**

## **INSTRUCTION #8**

Testimony will now be presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony to be offered was electronically videotaped and that recording now will be played for you.  You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

**8th Cir. Civil Jury Instr. § 2.14 (2013)**

## INSTRUCTION # 9

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.  This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**8th Cir. Civil Jury Instr. § 3.01 (2013)**

**INSTRUCTION # 10**

       I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

       During this trial I have asked some questions of witnesses.  Do not try to guess my opinion about any issues in the case based on the questions I asked.

**8th Cir. Civil Jury Instr. § 3.02 (2013)**

## <u>INSTRUCTION # 11</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider the witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how the witness acted while testifying, whether a witness said something different at another time, whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**8th Cir. Civil Jury Instr. § 3.03 (2013)**

**<u>INSTRUCTION # 12</u>**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is consistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 73.04**

## INSTRUCTION #13

The burden is on the Plaintiff Debbie Griefenhagen, in a civil action such as this, to prove every essential element of her claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, you should find for Defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with evidence opposed to it, has more convincing force, and produces in your mind's belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If, on any issue in the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proved.

**Federal Jury Practice and Instructions, § 72.01 (modified); see also 8th Cir. Civil Jury Instr. §  3.04 (2013) (modified).**

**INSTRUCTION # 14**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach an agreement, if you can do so without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict.  Remember you are not for or against any party.  You are judges–judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.  Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally,* the verdict form is your written decision in this case. [The form reads: (read form)].  You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the bailiff that you are ready to return to the courtroom.

**8th Cir. Civil Jury Instr. § 3.06 (2013)**

**INSTRUCTION #15**

**Your verdict on the use of force claim must be for Debbie Griefenhagen and against Mike Duzan if all of the following elements have been proved by the preponderance of the evidence.**

*Plaintiff Debbie J. Griefenhagen claims that Defendant Duzan used excessive force against her on April 7, 2012.  Your verdict must be for Plaintiff and against Defendant Duzan for excessive use of force if all the following elements have been proved by the preponderance of the evidence:*

**First, Mike Duzan purposely pinched and twisted Debbie Griefenhagen's arm when she tried to move past him;**

*First, Defendant Duzan grabbed Plaintiff in the act of stopping Plaintiff;*

**Second, the use of force was excessive because it was not reasonably necessary to control the scene and obtain Debbie Griefenhagen's compliance with commands; and**

*Second, the use of such force was excessive because it was not reasonably necessary to stop Plaintiff;*

**Third, as a direct result, Debbie Griefenhagen was injured.**

*Third, as a direct result, Plaintiff was harmed, and*

**In determining whether the force, if any, was "excessive," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have**

23

**used such force under similar circumstances.  You must consider police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving.  You must consider whether Mike Duzan's actions were reasonable in light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.**

*In determining whether such force was "not reasonably necessary," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances.*

*The jury must consider that police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving. The jury must consider whether each officer's actions are reasonable in the light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.  If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for defendants.*

**If any of the above elements has not been proven by the preponderance of the evidence, then your verdict on the use of force claim must be for Mike Duzan.**

Eighth Circuit Model Civil Jury Instruction No. 4.40 (2013) (modified); *Graham v. Connor*, 490 U.S. 386, 395-96 (1989).  Defendant stipulates to acting under color of state law.

*8TH CIR. CIVIL JURY INSTR.4.10 (2005)(m).*

**INSTRUCTION #16**

In addition to her federal constitutional claim, Debbie Griefenhagen brings an assault claim under Minnesota law.  Debbie Griefenhagen asserts that Mike Duzan violated Minnesota law by committing assault against her by threatening bodily harm to her.  To prevail on her state-law assault claim, Debbie Griefenhagen must prove the following three things:

(1) Mike Duzan acted with the intent to cause apprehension or fear of immediate harm to Debbie Griefenhagen;

(2) Mike Duzan had the apparent ability to cause the harm; and

(3) Debbie Griefenhagen had a reasonable apprehension or fear that the immediate harm would occur.

If Mike Duzan unlawfully used force on Debbie Griefenhagen, then your verdict must be for Debbie Griefenhagen.  If Mike Duzan lawfully used force on Debbie Griefenhagen, then your verdict must be for Mike Duzan.

*Plaintiff Debbie J. Griefenhagen claims that Defendant Duzan committed an assault against her. An assault is a wrongful threat, more than words alone, with the present ability to carry such threat into effect and which causes a reasonable apprehension of immediate harm or offensive contact.  Mere words of threat alone do not constitute an assault.  The use of threatened force by a police officer is lawful if it is a reasonable use of force when used in effecting an arrest.  An officer may not subject the person arrested to any more restraint than is necessary for the arrest and the detention.*

**Minnesota Practice Jury Instruction Guide – Civil 60.20 (2008) (modified);** *Adewale v. Whalen*, **21 F.Supp.2d 1006, 1016;** *Johnson v. Peterson*, **358 N.W.2d 484, 485 (Minn. Ct. App. 1984)**

*Minn. Practice, Jury Instructions Guide, 3d Ed., § 50; Johnson v. Morris, 453 N.W.2d 31, 41 (Minn. 1990).*

**INSTRUCTION #17**

In addition to her constitutional claim, Debbie Griefenhagen brings a battery claim under Minnesota law. Debbie Griefenhagen asserts that Mike Duzan violated Minnesota law by committing battery against her. A battery occurred if it is proved that Mike Duzan intentionally caused harmful or offensive contact with Debbie Griefenhagen.

If Mike Duzan unlawfully used force on Debbie Griefenhagen, then your verdict must be for Debbie Griefenhagen. If Mike Duzan lawfully used force on Debbie Griefenhagen, then your verdict must be for Mike Duzan.

*Civil Battery—Definition*

*Plaintiff Debbie J. Griefenhagen claims that Defendant Duzan committed a battery against her. A battery is an intentional and unpermitted contact by defendant upon the person of the plaintiff or upon anything worn or held by the plaintiff. If the defendant did not intend to make contact with plaintiff, but did intend to make an unpermitted contact with another person or thing and as a result made a contact with plaintiff, that contact is a battery. Because an officer may come into contact with an individual for certain purposes, the use of force by an officer must be unreasonable to constitute a battery.*

**Minnesota Practice Jury Instruction Guide – Civil 60.25 (2008) (modified); *Adewale v. Whalen*, 21 F.Supp.2d 1006, 1016; *Johnson v. Peterson*, 358 N.W.2d 484, 485 (Minn. Ct. App. 1984)**

*Minn. Practice, Jury Instructions Guide, 3d Ed. § 503.*

28

## **INSTRUCTION #18**

Intent—Definition

Both assault and battery require a finding of intent.  "Intent" or "intentionally" means that

a person:

    1. Wants to cause the consequences of his or her acts, or

    2. Knows that his or her acts are substantially certain to cause those consequences.

4A MNPRAC CIV JIG 60.10 (4th Ed.)

## <u>INSTRUCTION # 19</u>

If you find in favor of Plaintiff Debbie Griefenhagen, you must award her an amount of money that will fairly compensate her for any damages she sustained and is reasonably certain to sustain in the future as a direct result of the conduct of defendant. You should consider the following elements of damages:

1.   The physical pain and mental suffering Debbie Griefenhagen has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total and any aggravation of a pre-existing condition;

2.   The reasonable value of the medical care and supplies reasonably needed by and actually provided to Debbie Griefenhagen and reasonably certain to be needed and provided in the future.

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

**8th Cir. Civil Jury Instr. § 4.70 (2013) (Modified)**

**<u>INSTRUCTION # 20</u>**

If you find in favor of Debbie Griefenhagen under Instruction __, but you find that her damages have no monetary value, then you must return a verdict for Debbie Griefenhagen in the nominal amount of One Dollar ($1.00).

**8th Cir. Civil Jury Instr. § 4.71 (2013)**

## INSTRUCTION #21

**\*Defendant objects to a punitive damages instruction but if one is used, the parties agree on this instruction.**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction __ and if it has been proved that the conduct of that defendant was malicious or recklessly indifferent to the plaintiff's constitutional right to be free from excessive force, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future.  You should presume that plaintiff has been made whole for her injuries by the damages awarded under Instruction _____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.  How reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2.  How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

3.  The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

**8th Cir. Civ. Jury Instr. 4.72 (2013) (modified)**